# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| TAMARA BROWN, | ) |
| Plaintiff, | ) |
| v. | ) No. 17-cv-2595-SHM-tmp |
| TUNICA COUNTY SCHOOL DISTRICT, | ) |
| Defendant. | ) |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation, dated August 31, 2017 (the "Report"). (ECF No. 8.) The Report recommends that Plaintiff Tamara Brown's *pro se* complaint against Defendant Tunica County School District ("Tunica") be transferred *sua sponte* pursuant to 28 U.S.C. § 1406(a). Brown has not filed any objections to the Report, and the deadline for doing so has passed. L.R. 72.1(g)(2).

For the following reasons, the Report is ADOPTED and this action is TRANSFERRED to the Northern District of Mississippi, Oxford Division, where venue is proper.

On August 16, 2017, Brown filed her complaint against Defendant Tunica under Title IX of the Education Amendment of 1972, 20 U.S.C. §§ 1681-1688, alleging sexual harassment in

Tunica County, Mississippi, that Tunica failed to investigate. (ECF No. 1 at 1.)[1]

On August 31, 2017, United States Magistrate Judge Tu M. Pham entered the Report. (ECF No. 8.) The Report recommends that the action be transferred *sua sponte* pursuant to 28 U.S.C. § 1406(a). The Report explains that:

> The Western District of Tennessee is not a proper venue for this action. Brown does not allege that the defendant resides in the Western District of Tennessee; the only named defendant is a school district located in Tunica County, Mississippi. See 28 U.S.C. § 1391(b)(1). Nor does Brown allege that a "substantial part of the events or omissions giving rise to the claim occurred" in the Western District of Tennessee. See id. § 1391(b)(2). It appears that all of the alleged events giving rise to the claim –- the initial sexual harassment and report, the investigation (or lack thereof) by Tunica, the complaint filed with and investigation by the Mississippi Department of Education, and the investigation by the United States Department of Education Office of Civil Rights –- occurred in Mississippi. The only apparent connection to the Western District of Tennessee is a P.O. Box in Germantown, Tennessee, that Brown lists as her address. But that has no bearing on whether venue is proper in this District.
> It appears that venue is proper in the United States District Court for the Northern District of Mississippi. The undersigned therefore recommends that, in the interest of justice, the Clerk be ordered to transfer this case to the Northern District of Mississippi pursuant to 28 U.S.C. § 1406(a), and that this case be closed without entry of judgment.

(ECF No. 8 at 64-65 (footnotes omitted).)

---

[1] Unless otherwise noted, all in-cite page numbers refer to PageID numbers.

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review -- under a *de novo* or any other standard -- those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. Id. at 151.

Brown has not objected to the Report. Therefore, the Report should be adopted. See Arn, 474 U.S. at 150-51.

For the foregoing reasons, the Report is ADOPTED and this action is TRANSFERRED to the Northern District of Mississippi, Oxford Division, where venue is proper.

So ordered this 19th day of October, 2017.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT COURT JUDGE